UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE LUIS GUTIERREZ CHANOCUA,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, et al.,<br><br>Respondents. | Civil Action No. 1:26-cv-10869-ADB<br><br>May 9, 2026<br><br>Leave to File Granted May 7, 2026 |

**PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION FOR IMMEDIATE RELEASE (ECF No. 22)**

Petitioner Jose Luis Gutierrez Chanocua ("Petitioner" or "Mr. Gutierrez") respectfully submits this reply to Respondents' Opposition to Petitioner's Motion for Immediate Release (ECF No. 22).

**I. Introduction**

The government acknowledges that it did not argue flight risk at the hearing yet now asks this Court to uphold continued detention based on a rationale the government itself did not argue or prove before the Immigration Judge. ECF No. 22, p. 3. Under *Hernandez-Lara v. Lyons*, due process requires the government to bear the burden to justify continued detention under 8 U.S.C. § 1226(a). 10 F.4th 19, 28 (1st Cir. 2021). Constitutional due process does not permit the adjudicator to supply the government's proof after the fact. Petitioner therefore is not merely asking this Court to reweigh discretionary factors, but rather, to ensure Petitioner's due process rights are protected. The motion for immediate release presents a constitutional challenge to the adequacy of the process Petitioner received: the Immigration Judge found flight risk on a theory the government did not advance, relied on an unsupported characterization of the record, failed to meaningfully engage with extensive

evidence favoring release, and did not consider alternatives to detention. These are legal and constitutional errors, not unreviewable disagreements over the discretionary weight of evidence.

## II. <u>Argument</u>

### *A. This Court has jurisdiction to review whether the bond hearing satisfied due process.*

In their response, the Respondents overread 8 U.S.C. § 1226(e). That provision bars review of discretionary custody judgments; it does not foreclose habeas review of whether the bond hearing itself complied with the Fifth Amendment. Petitioner does not ask this Court to substitute its view of the equities for the Immigration Judge's. He asks the Court to decide whether the government met the constitutional minimum required to continue detention under § 1226(a). That is precisely the kind of claim federal courts may review. In *Hernandez-Lara*, the First Circuit reviewed a habeas challenge to the constitutional adequacy of a § 1226(a) bond hearing and held that due process requires the government to prove dangerousness by clear and convincing evidence or flight risk by a preponderance of the evidence. *Hernandez-Lara,* 10 F.4th at 28. Where the challenge is to burden allocation, sufficiency of the process afforded, and the legal framework used to justify continued detention, § 1226(e) does not strip jurisdiction.

The cases cited by Respondents do not require a different result. Those authorities concern attempts to relitigate or reweigh discretionary custody determinations. Here, by contrast, Petitioner argues that the hearing was constitutionally deficient at the threshold because the government did not prove flight risk, the Immigration Judge relied on an inaccurate factual premise, and constitutionally required consideration of less restrictive alternatives never occurred. The question here is whether the Bond hearing provided the due process required of the Constitution.

### B. *The government did not carry its burden to prove current flight risk.*

Respondents concede that the government "did not submit oral argument" on flight risk. ECF No. 22, p. 3. That concession matters. Under *Hernandez-Lara,* the burden rested with the

government, not with Mr. Gutierrez and not with the Immigration Judge acting *sua sponte* to construct a theory for detention. If the government chose not to argue that Mr. Gutierrez was a flight risk, then it failed to carry the burden required to continue detention on that ground. Though the Opposition cites to *Matter of Guerra,* 24 I&N Dec. 37 (BIA 2006), stating that the Immigration Judge has discretion in deciding the factors for consideration, the First Circuit "abrogated *Matter of Guerra* to the extent that noncitizen detainees no longer bear the burden of proving that they merit release at their bond hearings; now, the burden has shifted to the Government to prove that release is *not* merited. *Hernandez-Lara*, 10 F.4th at 41;" *Garcia v. Hyde*, 817 F. Supp. 3d 112, 127 (D.R.I. 2025) (Finding an Immigration Judge violated a noncitizen's due process rights in denying his bond request by relying on evidence that was not "probative and specific" and ordering immediate release).

The deficiency is substantive as well as procedural. A flight-risk determination must be based on evidence showing that the detainee *presently* poses a risk of nonappearance. *Id.* at 130. Yet Respondents identify no evidence that Mr. Gutierrez has ever failed to appear in any court proceeding, absconded from supervision, or evaded authorities. Likewise, the Immigration Judge did not identify or articulate any specific or probative evidence that establishes that Petitioner is likely to flee future proceedings. Petitioner, in contrast, presented undisputed evidence that he has participated fully and actively in ongoing legal processes. ECF No. 19-1, p. 8, 14, 36, 39, 41. Where detention turns on a mischaracterization of the record that is not supported by corroborating records, and where mitigating evidence is not properly weighed, due process is not satisfied.

C. ***The Immigration Judge failed to meaningfully evaluate evidence favoring release***

Due process requires more than reciting the government's evidence and denying bond. A constitutionally adequate hearing must meaningfully account for the evidence introduced to rebut dangerousness or flight risk. Petitioner submitted substantial evidence of community ties and

reliability, including a stable address, family ties in the United States, tax history, letters of support, active participation in family-court proceedings, and evidence showing compliance with services and ongoing engagement with court processes. ECF No. 19-1, pp. 200-275.

The obligation to analyze evidence meaningfully traces to *Matter of S-H-*, 23 I. & N. Dec. 462 (BIA 2002), which the Board of Immigration Appeals issued in anticipation of regulations limiting its fact-finding authority on appeal. *Matter of S-H-* held that Immigration Judge decisions consisting of little more than a brief summary of "some of the testimony and then, without further findings or analysis," an unexplained conclusion, are inadequate for appellate review. *Id.* at 463. The BIA expressly stated that it is "more important than ever for Immigration Judges to include in their decisions clear and complete findings of fact that are supported by the record and are in compliance with controlling law," and that a failure to make adequate factual findings necessitates remand for new proceedings. *Id*. at 466. This is the agency's own determination of law.

Respondents' opposition does not explain how the Immigration Judge weighed *all* of the evidence on the record. Instead, the opposition assumes that once one adverse fact exists, the Immigration Judge may disregard the rest. That is not what due process requires. "The stakes are high and ... grudging and perfunctory review is not enough to satisfy the due process right to liberty, even for [noncitizens]." *Garcia*, 817 F. Supp. at 131, *citing Chi Thon Ngo v. I.N.S.*, 192 F.3d 390, 398 (3d Cir. 1999), <u>amended</u> (Dec. 30, 1999). Where the adjudicator largely ignores a detainee's proffered evidence bearing directly on present danger or flight risk, the hearing ceases to be the individualized custody determination the Constitution demands. *Miti v. Moniz*, No. 26-11327-BEM, 2026 WL 884639, at *8 (D. Mass. Mar. 31, 2026) (finding Petitioner's continued detention violates due process where the Immigration Court ignored Petitioner's proffer intended to rebut evidence of present dangerousness or flight risk and ordering Petitioner's release).

**D. *The failure to consider alternatives to detention independently violated due process.***

Respondents are also silent on one of Petitioner's principal arguments: the Immigration Judge did not consider whether conditions of release could reasonably mitigate any perceived risk. That omission is significant. A determination that no amount of bond can address flight risk must be grounded in an actual consideration of alternatives, such as a higher bond amount, reporting requirements, GPS monitoring, or other supervisory conditions.

This requirement follows from the nature of an individualized due process inquiry. If the Immigration Judge did not analyze alternatives before ordering continued incarceration, the hearing was constitutionally deficient even apart from the burden and evidentiary errors described above. This Court has in fact found constitutional deficiency in a bond hearing where an Immigration Judge failed to consider alternatives to detention, and that "due process requires the Government to at least address why those alternatives might be inadequate." *Costa v. McDonald*, No. 25-CV-13469-AK, 2026 WL 371198, at *3 (D. Mass. Feb. 10, 2026).

### E. *Exhaustion should not bar relief.*

Respondents' exhaustion argument fails for at least two reasons. First, where a petitioner raises a pure constitutional challenge to present detention and seeks prompt judicial intervention to remedy an ongoing deprivation of liberty, District Courts retain discretion to hear the claim without insisting on administrative review. *See Figueroa v. McDonald*, 680 F. Supp. 3d 18, 22 (D. Mass. 2018) (finding exhaustion not required where petition was seeking constitutional challenges to immigration bond hearing, which "'falls outside of the scope of § 1226(e)' because it is not a matter of the IJ's discretionary judgment") (citing *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018)); *Matter of Cruz de Ortiz*, 25 I&N Dec. 601, 605 (BIA 2011) ("[N]either we nor the Immigration Judges have authority to rule on the constitutionality of the statutes we administer.").

Second, requiring BIA review would be inappropriate here because the injury is current and continuing, and the defects alleged concern the constitutional adequacy of the hearing itself. A

delayed administrative appeal cannot retroactively cure detention imposed through a defective process. Nor would exhaustion serve its ordinary purposes where the challenge is not to the weight of the Immigration Judge's discretion, but to whether the hearing complied with the Fifth Amendment.

Respondents cite the BIA appeal process as an available avenue, but availability alone does not resolve the question. Given the BIA's acknowledged backlog, see ECF No. 22, p. 6, requiring a detained petitioner to await BIA review imposes an undue and unconstitutional delay. *See Garcia v. Hyde*, 817. F.Supp at 126 (waiving exhaustion because of delay associated with BIA appeal); *Gomez v. Hyde*, 804 F. Supp. 3d 265, 272–73 (D. Mass. 2025) (same). When continued detention rests on an allegedly unconstitutional hearing and the administrative process is not positioned to provide timely relief from present unlawful custody, requiring exhaustion would elevate procedure over liberty. This Court should therefore reach the merits now.

### III. Conclusion

For these reasons, Petitioner respectfully requests that this Court reject Respondents' jurisdictional and exhaustion defenses, find that the April 2, 2026, bond hearing did not satisfy due process, and grant Petitioner's Motion for Immediate Release subject to reasonable conditions. In the alternative, Petitioner seeks a bond hearing before this Court.

Respectfully submitted,

JOSE LUIS GUTIERREZ CHANOCUA,
By his counsel,

Dated: May 9, 2026

/s/ *Rachel Lerman*
Rachel Lerman
Clinical Fellow

- 6 -

Medical-Legal Partnership Clinic
Yale Law School
127 Wall Street
New Haven, CT 06511
Email: rachel.lerman@yale.edu
Phone: (203) 903-1505

*Pro hac vice pro bono counsel for Petitioner*

**Certificate of Service**

I hereby certify that on May 9, 2026, this document was filed through the CM/ECF system and will be served electronically on registered participants.

/s/ *Rachel Lerman*
Rachel Lerman
Clinical Fellow
Medical-Legal Partnership Clinic
Yale Law School
127 Wall Street
New Haven, CT 06511
Email: rachel.lerman@yale.edu
Phone: (203) 903-1505

*Pro hac vice pro bono counsel for Petitioner*